# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1010

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jorge Castaneda, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2005
Filed: February 24, 2006

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Defendant Jorge Castaneda pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). Castaneda reserved the right to appeal the denial of his motion to suppress contraband seized from his vehicle. The police had probable cause to believe Castaneda's vehicle contained contraband; therefore, the warrantless search of Castaneda's vehicle was permissible pursuant to the so-called "automobile exception." Consequently, we affirm the denial of Castaneda's motion to suppress.

## I. *Background*

The Drug Enforcement Administration ("DEA") suspected Demetrio Garcia of selling methamphetamine in northwest Arkansas. Using a lawful wiretap on Garcia's phone, law enforcement intercepted several conversations between Garcia and a man identifying himself as "Jorge." During these conversations, Garcia and "Jorge" discussed methamphetamine transactions often using code phrases. Each time,"Jorge" called Garcia using the same cell phone. On one occasion, Garcia directed "Jorge" to go to a residence in Springdale, Arkansas, that police already suspected for methamphetamine sales. Following this conversation, police observed a vehicle registered to Jorge Castaneda arrive at the residence. The police deduced that the "Jorge" from the phone conversations was Jorge Castaneda.

Weeks later, Garcia and Jorge were heard discussing a future sale in which Jorge would purchase a pound of methamphetamine from Garcia on behalf of an individual who would be coming to town. The next day, Garcia and Jorge arranged a meeting at Garcia's apartment. Police subsequently observed Jorge Castaneda at Garcia's apartment. After Castaneda left the apartment, police stopped his vehicle for a traffic violation. Although a drug dog alerted to the vehicle, no drugs were found.

On the following day, police intercepted yet another conversation between Garcia and Jorge, in which Jorge stated that the buyer of the pound of methamphetamine had arrived. Jorge also stated that he had the money. Garcia and Jorge initially agreed to meet at the Dollar Store to perform the drug deal. However, a subsequent call from Garcia, using heavily coded language, changed the location to Garcia's apartment. Officers arrived at Garcia's apartment and observed Jorge Castaneda's vehicle parked there. They then observed Castaneda enter his vehicle and leave the apartment complex. At this time, the DEA agent involved in the investigation called for Castaneda's arrest and the search of his vehicle because there was probable cause to believe that he had committed a felony drug offense and that

contraband would be discovered in the vehicle. Police stopped Castaneda's vehicle and arrested Castaneda.

Castaneda's vehicle was taken to the Rogers Police Department and searched without a warrant. In the search, police found methamphetamine, a cellular phone, and a handgun. The cellular phone matched the phone used by the individual identifying himself as "Jorge" to make calls regarding drug transactions with Garcia.

Castaneda moved to suppress the evidence found in his vehicle, contending that (1) the police lacked probable cause to believe that the vehicle contained contraband; and (2) the search of the vehicle was not a valid search incident to arrest. The district court[1] denied the motion, finding that there was probable cause to search the vehicle based upon all of the facts known to the police. Castaneda pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), reserving the right to appeal the denial of his motion to suppress. He was sentenced to 135 months' imprisonment, and he now appeals the district court's ruling. We hold that the police had probable cause to believe that the vehicle contained contraband and therefore affirm.

## II. *Discussion*

When reviewing a district court's decision on a motion to suppress, we review de novo the legal conclusion that probable cause existed while reviewing the underlying factual determinations for clear error. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Logan*, 362 F.3d 530, 532 (8th Cir. 2004). Under the Fourth Amendment, the "general rule" is that "warrantless searches are presumptively unreasonable." *Horton v. California*, 496 U.S. 128, 133 (1990); *see also United States v. Ross*, 456 U.S. 798, 824–25 (1982) (reaffirming the "basic rule

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

of Fourth Amendment jurisprudence" that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment–subject only to a few specifically established and well-delineated exceptions."(citations and internal quotations omitted)).

One exception to the general rule is the so-called "automobile exception." *See generally Carroll v. United States*, 267 U.S. 132, 158–59 (1925) (creating the automobile exception). "The warrantless search of a vehicle is constitutional pursuant to the 'automobile exception' to the warrant requirement, if law enforcement had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began." *United States v. Wells*, 347 F.3d 280, 287 (8th Cir. 2003).

The officers had probable cause to believe that Jorge Castaneda was transporting drugs in his vehicle on the day of his arrest. The police had intercepted numerous phone calls between Garcia and a man identifying himself as "Jorge" regarding drug transactions. The police identified the "Jorge" from the intercepted conversations as Jorge Castaneda because the police had observed a vehicle registered to Castaneda at a location that Garcia had earlier specified to meet "Jorge" on the phone. The police intercepted calls between the two men discussing the sale of a pound of methamphetamine. Following the call arranging a meeting at Garcia's apartment, officers observed Castaneda at Garcia's apartment. In addition, the police intercepted a call discussing the one pound sale and arranging a location. A short time later, the officers intercepted another call changing the location for the deal to Garcia's apartment. When surveillance officers arrived, Castaneda's truck was parked at Garcia's apartment, and he left shortly thereafter. Given this evidence, law enforcement had probable cause to believe that methamphetamine would be found in Castaneda's vehicle. *Wells*, 347 F.3d at 287 ("Probable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and

need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication." (brackets and citation omitted)).

In the alternative, Castaneda contends that the search of his vehicle was invalid because it was not a valid search incident to arrest pursuant to *New York v. Belton*, 453 U.S. 454, 460 (1981). However, *Belton* and *Carroll* represent two independent exceptions to the general warrant requirement of the Fourth Amendment. *See Wells*, 347 F.3d at 287–88 (holding that there was no valid search incident to arrest because "the search did not follow hard upon the heels of the arrest" but holding that the search was valid pursuant to the automobile exception). While a search incident to arrest must be "contemporaneous to the arrest," *id.* at 287, when the automobile exception applies, the vehicle need not be immediately searched. *Id.* at 287–88 ("When police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." (quoting *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam) (brackets omitted))). Therefore, the search of Castaneda's vehicle was valid notwithstanding the fact that his vehicle was taken to the Rogers Police Department rather than being immediately searched where it was stopped.

In conclusion, we hold that there was probable cause to believe that Castaneda would have methamphetamine in his vehicle. Consequently, the search of his vehicle was valid under our decision in *Wells*, and we affirm the district court's denial of Castaneda's motion to suppress.

_____