[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12346
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00239-RLV-GGB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYWAN L. WILLIAMS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 28, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Tywan Williams appeals his 210-month sentence, imposed at the low end of the applicable guideline range, after a jury convicted him of one count of assault on an officer, in violation of 18 U.S.C. § 111(a)(1), and one count of assault on an officer with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b).  On appeal, Williams argues that his current sentence, imposed after we vacated and remanded his earlier sentence for resentencing,[1] is procedurally and substantively unreasonable because the district court (1) engaged in a cursory discussion of the factors listed in 18 U.S.C. § 3553(a), and (2) failed to consider or address his post-offense rehabilitation.  Finding no reversible error on the part of the district court, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 56, 128 S. Ct. 586, 600 (2007).  The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record.  *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010).  First, we must determine whether the district court committed any significant procedural error, including failing to consider the § 3553(a) factors.  *United States v. Bradley*, 644 F.3d 1213, 1303–04

---

[1] The first sentencing court imposed a downward variance from the advisory guidelines range of 168 to 210 months, sentencing Williams to 120 months.  On appeal we affirmed Williams's conviction, but vacated and remanded for resentencing because the district court had erroneously reduced the sentence for acceptance of responsibility and failed to enhance his sentence for obstruction of justice.  *United States v. Williams*, 627 F.3d 839, 844–46 (11th Cir. 2008).

(11th Cir. 2011), *cert denied*, 132 S. Ct. 2375 (2012). Although the district court must consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each one individually. *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).

If we find that the sentence is procedurally reasonable, we must then determine whether the sentence is substantively reasonable under the totality of the circumstances, including whether the § 3553(a) factors actually support the sentence at issue. *United States v. Barrington*, 648 F.3d 1178, 1203 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1066 (2012). Generally, we do not second-guess the weight that the district court gave a certain factor. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

We will only reverse a sentence as substantively unreasonable if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors, such that the sentence at issue falls outside of the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). Although there is not an explicit presumption, usually a sentence within the Sentencing Guidelines range is expected to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Moreover, a resentencing court "may consider evidence of the defendant's postsentencing rehabilitation and . . . such

evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper v. United States*, 131 S. Ct. 1229, 1236 (2011). However, the resentencing court is not required "to apply the same percentage departure from the Guidelines range . . . that [was] applied at [the defendant's] prior sentencing." *Id.*

Here, Williams's argument that his sentence is procedurally unreasonable is unfounded. The record clearly indicates that the district court reviewed and considered the transcript of the initial sentencing hearing, our sentencing remand opinion, the Presentence Investigation Report, and the sentencing memorandum that Williams submitted; in light of all of this information, the district court sentenced Williams at the low end of the guidelines range. The district court also highlighted the severity of the charges, the fact that this was Williams's eighteenth criminal conviction, and that many of his previous crimes included felony controlled substance offenses and felony crimes of violence. As such, the district court's consideration of the nature and circumstances of the offense, Williams's criminal history, the characteristics of his previous offenses, and the need to protect the public are more than sufficient to render Williams's sentence procedurally reasonable.

Moreover, Williams does not contest that the appropriate guidelines range is 210 to 262 months, but simply maintains that his sentence is substantively

4

unreasonable because the district court did not vary his sentence downward to 120 months, as the previous sentencing court did.  Although the initial sentencing judge may have considered a downward variance appropriate, it is well-settled that sentencing judges "exercise a wide discretion in the types of evidence they may consider when imposing [a] sentence." *Pepper*, 131 S. Ct. at 1235 (internal quotation marks omitted).  Here, Williams's resentencing judge properly considered the § 3553(a) factors.  Based on the totality of the circumstances, the facts of the case, and the range of imprisonment dictated by statute and by the guidelines, we cannot say that the resentencing court committed "a clear error of judgment in weighing the § 3553(a) factors," such that the sentence at issue falls "outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F. 3d at 1190.  Although the district court was free to consider Williams's post-offense rehabilitation, it was in no way required to award a downward variance in light of that evidence.  *See Pepper*, 131 S. Ct. at 1236.  Accordingly, we affirm.

**AFFIRMED.**