# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-3019

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roderick Arlyn Sayers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: June 13, 2014
Filed: August 22, 2014
[Unpublished]

——————————

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

A jury found Roderick Sayers guilty of assault resulting in serious bodily injury
in Indian country, a violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a). The

district court[1] sentenced Sayers to an above-guidelines sentence of 43 months' imprisonment  Sayers challenges his conviction and sentence.  For the reasons described below, we affirm.

During Sayers's trial, Harold Donnell ("Harold") testified that, on the evening of November 25, 2011, he followed his daughter, Jill Donnell ("Jill"), in his vehicle as she drove another vehicle to Sayers's residence.  Jill parked her vehicle in front of Sayers's residence, and Harold parked his vehicle beside Jill's vehicle—directly in front of the front door of Sayers's residence.  From his vehicle, Harold watched Jill walk to the front door and saw Sayers appear there.  Harold then saw Jill's head "go back" and saw Sayers close the front door.  Harold exited his vehicle as Jill "stagger[ed]" toward him.  As she did, Jill told him, "Dad, he hit me in the mouth. He knocked my teeth out."  Harold saw blood on Jill's face.  Harold helped Jill into his vehicle and drove to the hospital, calling 911 on the way.  Harold explained that Jill later had surgery to repair the damage to her mouth.

The jury also heard testimony from the hospital nurse who triaged Jill on November 25.  The nurse testified that Jill complained of being assaulted and of an injury to her mouth that was causing her extreme pain.  A police sergeant also testified about the events of November 25.  The sergeant spoke with Jill that evening and observed that Jill had swelling and blood around her mouth, that one of her teeth was "pushed back," and that she had a laceration on her gum.  The sergeant also spoke with Sayers that evening, and Sayers stated that his actions toward Jill were self-defense.  After arresting Sayers, the sergeant observed that Sayers had a small cut on a knuckle of his left hand.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

The jury convicted Sayers of assault resulting in serious bodily injury. At Sayers's sentencing hearing, the district court calculated an advisory sentencing guidelines range of 30 to 37 months' imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court decided to vary upward and imposed a sentence of 43 months' imprisonment. Sayers appeals both his conviction and sentence.

Sayers first argues that the jury lacked sufficient evidence to find that he assaulted Jill. "We review *de novo* a district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor." *United States v. Vore*, 743 F.3d 1175, 1180 (8th Cir. 2014). Sayers asserts that Harold's trial testimony was undermined by "many contradictions." However, "[t]he jury has the responsibility of resolving conflicts or contradictions in testimony, and we resolve any credibility issues in favor of the verdict." *United States v. Jenkins*, --- F.3d ---, 2014 WL 3408842, at *2 (8th Cir. July 15, 2014) (quoting *United States v. Wanna*, 744 F.3d 584, 588 (8th Cir. 2014)). Moreover, Harold's testimony was consistent with that of the hospital nurse and the police sergeant. Sayers also contends that the evidence against him was legally insufficient because no witness testified that he actually struck Jill. This contention is without merit. The testimony of an eyewitness to an assault is not necessary to establish a defendant's guilt beyond a reasonable doubt. *See United States v. Iron Hawk*, 612 F.3d 1031, 1036 (8th Cir. 2010) ("[T]he lack of direct evidence demonstrating [the defendant] assaulted [the victim] is not dispositive."). In any event, Harold testified that he saw Jill with Sayers and that, after seeing Jill's head "go back," Jill "stagger[ed]" toward Harold and said, "Dad, he hit me in the mouth. He knocked my teeth out." Moreover, when a police sergeant questioned Sayers about the incident shortly thereafter, Sayers did not deny involvement, instead stating that he acted in self-defense. The sergeant also observed an injury on a knuckle of Sayers's left hand. This evidence is more than sufficient for a reasonable jury to find that Sayers assaulted Jill.

Sayers next argues that the Government committed prosecutorial misconduct by improperly shifting the burden of proof during its closing argument. To obtain relief for prosecutorial misconduct, Sayers must show that "(1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." *United States v. Crumley*, 528 F.3d 1053, 1064 (8th Cir. 2008) (quoting *United States v. King*, 36 F.3d 728, 733 (8th Cir. 1994)). Sayers objects to the following statement from the Government's closing argument: "But what is proof beyond a reasonable doubt? It is where you can turn to your fellow juror and say this is why I think this, that this Defendant is not guilty." Because Sayers did not object to this portion of the Government's closing argument, we review this issue for plain error. *See id.* Under this standard, Sayers "must show that the district court made an obvious error, that there is a reasonable probability that the error affected the outcome, and that failure to correct the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. M.R.M.*, 513 F.3d 866, 870 (8th Cir. 2008).

The district court did not commit an obvious error here. Although the complained-of statement, taken out of context, may appear inartful, it did not shift the burden of proof to Sayers. Immediately before making the statement, the Government clearly explained that it bears the burden of proving Sayers's guilt. Furthermore, after closing arguments, the district court correctly instructed the jury on the burden of proof. *See United States v. Bentley*, 561 F.3d 803, 810 (8th Cir. 2009) (finding that jury instruction regarding burden of proof supported conclusion that prosecutor's statements did not shift burden of proof to defendant); *see also Crumley*, 528 F.3d at 1065-66 (finding that jury instruction regarding burden of proof along with defense counsel's statement that the jury should adhere to the jury instructions cured error by prosecutor in describing burden of proof). Under these circumstances, we discern no obvious error on the part of the district court.

Lastly, Sayers argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Robison*, --- F.3d ---, 2014 WL 3562789, at *2 (8th Cir. July 21, 2014) (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). In imposing Sayers's sentence, the district court expressly considered the factors set forth in 18 U.S.C. § 3553(a) and concluded that an upward variance of six months was appropriate, noting in particular Sayers's criminal history and the likelihood that he would recidivate. Having reviewed Sayers's criminal history, which includes numerous tribal court convictions for which he did not receive criminal-history points, *see* USSG § 4A1.2(i), we discern no abuse of discretion in this decision. *See United States v. Jones*, 612 F.3d 1040, 1045 (8th Cir. 2010) (finding no abuse of discretion where district court varied upward based in part on unscored criminal history); *see generally United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009) ("Section 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism."). Although Sayers contends that the factors set forth in § 3553(a) actually support a downward variance or a sentence within the guidelines range, we cannot say that the district court abused its discretion by concluding otherwise. *See United States v. Timberlake*, 679 F.3d 1008, 1012-13 (8th Cir. 2012) (explaining that district court has "substantial latitude to determine how much weight to give the various factors under § 3553(a)" (quoting *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009)).

For the reasons described above, we affirm.

_____