# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1337

_____

United States of America

*Plaintiff - Appellee*

v.

Benton Stong

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: October 10, 2014
Filed: December 10, 2014

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After law enforcement officers found images and videos containing child pornography in his apartment, Benton Stong was convicted on one count of sexual exploitation of a minor and four counts of possession of child pornography. The

district court[1] sentenced Stong to 1,320 months, or 110 years, in prison. Stong appeals his convictions and sentence. For the reasons described below, we affirm.

## I. Background

During the summer of 2012, four boys—ages ten, eleven, eleven, and twelve—visited and occasionally stayed with Stong at an apartment where he lived by himself. After meeting with a parent of each of the boys, law enforcement officers executed a search warrant at Stong's apartment. The officers seized two computers and a camera with a memory card from Stong's living room, on which a forensic officer found pornographic images and videos of the four boys. One of the videos showed two of the boys engaging in anal intercourse; another showed two of the boys performing mutual fellatio. The officer also found pornographic images of unidentified children on the computers. Both of the computers listed "Ben" as the registered owner, and one of the operating systems contained the name "Ben Stong."

During Stong's trial, a parent of each of the four boys identified his or her child in redacted versions of some of the child pornography found on the computers and camera. In addition, one of the parents, who had known Stong for approximately ten years, identified Stong's voice from the pornographic videos. The parent, who had visited and cleaned Stong's apartment, also identified it as the place where two of the pornographic images had been taken. During trial, one of the officers who searched Stong's apartment also identified it as the location where many of the pornographic images and videos were made.

Stong was convicted on one count of sexual exploitation of a minor, a violation of 18 U.S.C. § 2251(a), and four counts of possession of child pornography, a

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Prior to Stong's sentencing, the U.S. Probation Office prepared a presentence investigation report ("PSR") that recommended a sentencing guidelines enhancement because Stong's offense involved a sexual act or sexual contact. *See* USSG § 2G2.1(b)(2)(A). Based on the video of two of the boys engaging in anal intercourse, the PSR also proposed a sentencing enhancement because Stong's offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. *See* USSG § 2G2.1(b)(4). The district court overruled Stong's objections to these enhancements and calculated his offense level to be 53—well above the maximum offense level of 43 provided for by the sentencing guidelines. After reducing Stong's offense level to 43, *see* USSG Ch. 5, Pt. A, comt. n.2, the advisory guidelines range was life imprisonment. Relying on his advanced age and poor health, Stong requested a downward departure or a downward variance. The district court, however, sentenced Stong to 110 years' imprisonment, the sum of the statutory maximum sentences for his five convictions. This appeal followed.

## II.    Discussion

### A.    Convictions

Stong challenges his convictions on several grounds. Stong claims error in the district court's decision to admit into evidence the videos found on the computers in his apartment. We review evidentiary rulings for abuse of discretion. *United States v. Yielding*, 657 F.3d 688, 699 (8th Cir. 2011). Stong contends that these videos contain inadmissible hearsay—namely, his recorded statements that "suggest[] the content" of the videos. Stong's argument overlooks that a statement by an opposing party is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). Stong's statements on the videos are statements by an opposing party, not hearsay. *See United States v. McPike*, 512 F.3d 1052, 1055 (8th Cir. 2008)

(finding that defendant's recorded statement was not hearsay under Fed. R. Evid. 801(d)(2)(A)); *United States v. Edwards*, 159 F.3d 1117, 1122 n.2 (8th Cir. 1998) (same). Although the district court admitted Stong's statements on the basis that they were not offered for the truth of the matter asserted, we can affirm the admission of evidence on any basis supported by the record. *See United States v. Bercier*, 506 F.3d 625, 629-30 (8th Cir. 2007).

Stong relatedly claims that the district court should have given a limiting instruction to restrict the scope of the jury's consideration of the videos. We review the district court's decision not to give a limiting instruction for abuse of discretion. *United States v. Bennett*, 765 F.3d 887, 899 (8th Cir. 2014). After the Government played excerpts of his voice from the videos for a witness to identify, Stong twice objected and requested a limiting instruction, arguing that his statements had not been admitted for the truth of the matter asserted. The district court informed Stong that he could submit a limiting instruction for the court to consider; it appears, however, that Stong never did so. Notwithstanding this failure, Stong characterizes the court's statements regarding a limiting instruction as a "diversionary tactic" that violated Federal Rule of Evidence 105. This rule provides that "[i]f the court admits evidence that is admissible . . . for a purpose—but not . . . for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105. We need not decide whether leaving it to counsel to prepare a limiting instruction constitutes an abuse of discretion because, although Stong's statements had not been admitted for the truth of the matter asserted, they were—as discussed above—fully admissible as statements by an opposing party. *See* Fed. R. Evid. 801(d)(2)(A). As such, there was no need for the district court to instruct the jury to limit its consideration of Stong's statements from the videos. *See United States v. Aranda*, 963 F.2d 211, 216 (8th Cir. 1992) (holding limiting instruction was unnecessary because evidence was not of limited admissibility).

Stong next contends that the district court erred by denying his motion for judgment of acquittal because the Government did not present sufficient evidence for a reasonable jury to convict him. "We review *de novo* a district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor." *United States v. Vore*, 743 F.3d 1175, 1180 (8th Cir. 2014). We have characterized this standard as "quite strict," for we will disturb Stong's convictions only if "no reasonable jury could have found [him] guilty beyond a reasonable doubt." *See id.* (quoting *United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014)).

We begin with Stong's conviction for sexual exploitation of a minor pursuant to 18 U.S.C. § 2251(a), which makes it unlawful for a person to "employ[], use[], persuade[], induce[], entice[], or coerce[] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." The evidence from trial, Stong insists, merely establishes that the four boys who visited and stayed at his apartment were making child pornography "as part of exploration and play." Stong's view of the evidence disregards the graphic content of the pornography of the four boys as well as the heart of the Government's case. The Government presented enough evidence for a reasonable jury to conclude beyond a reasonable doubt that Stong "use[d]" a minor for purposes of § 2251(a)—that is, Stong "photographed [a minor] in order to create pornography." *United States v. Vanhorn*, 740 F.3d 1166, 1168 (8th Cir. 2014) (quoting *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007)). The pornography involving the four boys was found on computers and a camera in Stong's apartment, and the computers listed "Ben" as the registered owner—allowing a reasonable jury to conclude that Stong both owned and used the computers and camera. Moreover, one of the parents identified Stong's voice on the pornographic videos, and the same parent and a law enforcement officer identified Stong's apartment, where he lived alone, as the location where some of the child pornography had been made. Considering that pornography of the four boys had been created in his apartment, stored on computers and a camera there, and even

-5-

contained his voice, a reasonable jury could conclude that Stong photographed and filmed the four boys engaging in sexually explicit conduct in order to create child pornography. *See id.* We therefore affirm the denial of Stong's motion for judgment of acquittal with respect to his conviction for sexual exploitation of a minor.

With respect to his convictions for possession of child pornography, Stong argues that the Government presented too little evidence for a reasonable jury to conclude he knowingly possessed the child pornography on the computers and the camera. *See* 18 U.S.C. § 2252A(a)(5)(B). We disagree. In light of the presence of child pornography on computers and a camera in Stong's apartment where he lived by himself as well as the evidence connecting Stong to the creation of the pornography involving the four boys, a reasonable jury could conclude beyond a reasonable doubt that Stong knowingly possessed the child pornography on the computers and the camera. *See, e.g.*, *United States v. Manning*, 738 F.3d 937, 945-46 (8th Cir.), *cert denied*, 135 S. Ct. 149 (2014). We accordingly affirm the district court's denial of Stong's motion for judgment of acquittal with respect to his convictions for possession of child pornography.

## B.    Sentence

Stong next challenges his 110-year sentence, arguing that the district court procedurally erred and imposed a substantively unreasonable sentence. Stong first contends that the district court erred by imposing sentencing enhancements based on his offense involving the commission of a sexual act or sexual contact, *see* USSG § 2G2.1(b)(2)(A), and involving material that portrays sadistic or masochistic conduct or other depictions of violence, *see* USSG § 2G2.1(b)(4). We review the district court's factual findings for clear error and its construction and application of the sentencing guidelines *de novo*. *United States v. Pappas*, 715 F.3d 225, 228 (8th Cir. 2013).

We need not determine whether the district court erred by imposing these sentencing enhancements because any error would be harmless. Regardless of whether these enhancements are used to increase Stong's offense level, his total offense level ultimately would remain the same. This is so because the sentencing guidelines cap an offender's offense level at 43. USSG Ch. 5, Pt. A, comt. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."). Both with and without the objected-to enhancements, Stong's calculated offense level exceeds this ceiling: with the objected-to enhancements, Stong's calculated offense level is 53; without them, it is 47. In both scenarios, then, Stong's total offense level is deemed to be 43. *See id.* Where, as here, an error in applying sentencing enhancements does not alter the defendant's total offense level, such an error is harmless. *See United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010). Further confirming the harmlessness of applying these sentencing enhancements, the district court expressly stated that it would impose the same 110-year sentence even if its calculation of the advisory guidelines range was erroneous. *See id.* Under these circumstances, any error in imposing the sentencing enhancements under USSG § 2G2.1(b)(2)(A) and (b)(4) was harmless.

Relying on his advanced age and poor health, Stong next argues that the district court should have granted a downward departure pursuant to USSG § 5K2.0(b) and (c). However, as Stong recognizes, our review of a district court's refusal to grant a downward departure is narrow. Although the sentencing guidelines are advisory, we generally will not review a district court's decision not to grant a downward departure "unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." *United States v. Heath*, 624 F.3d 884, 888 (8th Cir. 2010) (quoting *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008)). Stong does not attribute an unconstitutional motive to the district court, and the court expressly recognized its authority to depart downward from Stong's advisory guidelines range. Stong's challenge to the district court's decision not to depart downward accordingly fails.

This brings us to Stong's challenge to the substantive reasonableness of his 110-year sentence. We review substantive reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Robison*, 759 F.3d 947, 950-51 (8th Cir. 2014) (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). A sentence within the advisory guidelines range is presumed to be substantively reasonable. *Id.* at 950.

A sentence of 110 years in prison for the 76-year old Stong effectively is a life sentence—exactly what the advisory sentencing guidelines recommended for Stong. Indeed, we have recognized that imposing consecutive sentences for the statutory maximum on all counts of conviction, as the district court did here, can approximate a life sentence. *United States v. Betcher*, 534 F.3d 820, 823, 827-28 (8th Cir. 2008). Moreover, although Stong's 110-year sentence is lengthy, it is not unprecedented. *See, e.g.*, *id.* (affirming defendant's 750-year sentence and concluding that "[t]he absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes"); *United States v. Beasley*, 688 F.3d 523, 535-36 (8th Cir. 2012) (affirming defendant's 290-year sentence). As we recently explained in affirming a 120-year sentence, "[v]ery long prison sentences for particularly abhorrent conduct have been repeatedly upheld." *United States v. Demeyer*, 665 F.3d 1374, 1375 (8th Cir. 2012) (per curiam) (citing *United States v. Sarras*, 575 F.3d 1191, 1220-21 (11th Cir. 2009) (collecting cases)).

Relying primarily on case law governing downward departures, Stong claims that the district court abused its discretion by failing to vary downward from the advisory guidelines range based upon his advanced age and poor health. We disagree. *See United States v. Chase*, 560 F.3d 828, 831-32 (8th Cir. 2009) (discussing the difference between a downward departure and a downward variance

-8-

based upon health problems); *United States v. Wadena*, 470 F.3d 735, 739 (8th Cir. 2006) (same). The district court determined that Stong's age and health did not warrant a downward variance, noting that Stong, at an advanced age and in poor health, had victimized four children. We discern no abuse of discretion in this determination. Nor did the district court abuse its discretion by sentencing Stong to 110 years' imprisonment. After conducting a sentencing hearing, in which Stong's arguments and concerns were heard and considered, the district court carefully weighed the 18 U.S.C. § 3553(a) factors. The court found that Stong posed a "very definite threat to the community, to young boys." Stong's criminal-history score, the district court further determined, did not reflect his actual criminal history, which included unscored convictions for lascivious acts with a child and for sexual abuse in the third degree. The district court also emphasized the abhorrent conduct for which Stong was being sentenced—a conclusion borne out by Stong's conduct of photographing and filming the boys engaging in sexually explicit conduct. The district court also accounted for the need for the sentence imposed to promote respect for the law, to deter criminal conduct, and to provide just punishment for Stong's offenses. Having reviewed the record and recognizing that the district court has substantial latitude in weighing the § 3553(a) factors, *United States v. Timberlake*, 679 F.3d 1008, 1012-13 (8th Cir. 2012), we conclude that Stong's 110-year sentence is not unreasonable.

## III. Conclusion

We affirm Stong's convictions and sentence.

_____