# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2463

_____

United States of America

*Plaintiff - Appellee*

v.

Alfred Tucker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 9, 2015
Filed: February 19, 2015
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Alfred Tucker returns to this court following a decision of the *en banc* court that vacated his 188-month sentence and remanded for resentencing. On remand, the

district court[1] imposed a within-guidelines sentence of 120 months' imprisonment. Tucker appeals, arguing that this sentence is substantively unreasonable. Finding no abuse of discretion, we affirm.

Tucker was convicted of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). During the initial sentencing hearing, the district court determined that Tucker was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had committed three violent felonies. This determination led to an advisory sentencing guidelines range of 235 to 293 months in prison. *See* USSG § 4B1.4. The district court varied downward from this range and imposed a sentence of 188 months' imprisonment, accounting for, among other things, Tucker's "very young" age at the time of some of his previous convictions. A panel of this court affirmed Tucker's sentence. However, after the United States Supreme Court decided *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276 (2013), the *en banc* court vacated Tucker's sentence and remanded for resentencing because one of the convictions used to enhance Tucker's sentence under the ACCA was not a violent felony. *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc).

During the resentencing hearing, the district court calculated a revised guidelines range of 120 months in prison, the statutory maximum sentence for Tucker's conviction. *See* 18 U.S.C. § 924(a)(2); USSG § 5G1.1(c)(1). Tucker again requested a downward variance, but the district court denied this request, concluding that "[t]he factors that led me to depart the last time around simply are not present here." The reason for the initial downward variance, the district court explained, was the "very, very high" guidelines range with the ACCA enhancement, which was the result of offenses that Tucker committed when he was "very young." After

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

considering the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of 120 months' imprisonment. Arguing that this sentence is substantively unreasonable, Tucker appeals.

We review the substantive reasonableness of Tucker's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Stong*, 773 F.3d 920, 926 (8th Cir. 2014) (quoting *United States v. Robison*, 759 F.3d 947, 950-51 (8th Cir. 2014)). We may presume substantive reasonableness if a sentence is within the advisory guidelines range. *Id.* at 926.

Tucker's sole argument is that the district court abused its discretion by failing to grant a downward variance at resentencing that was similar to the downward variance granted at the initial sentencing hearing. We disagree. Although the district court had varied downward at the initial sentencing hearing, the court concluded that its justification for doing so—the "very, very high" guidelines range—was not present at resentencing. That is to say, in light of Tucker's revised advisory guidelines range, Tucker's age at the time of some of his previous convictions no longer provided a basis for a downward departure. Recognizing that "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1251 (2011) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam)), we discern no abuse of discretion in this determination. *See United States v. Williams*, 511 F. App'x 836, 837-38 & n.1 (11th Cir. 2013) (per curiam) (affirming a within-guidelines sentence imposed on remand even though the defendant initially received a downward variance because "it is well-settled that sentencing judges 'exercise a wide discretion in the types of evidence they may consider when imposing

[a] sentence'" (quoting *Pepper*, 131 S. Ct. at 1235)). Nor did the district court commit a clear error of judgment in weighing the § 3553(a) factors. The district court acknowledged Tucker's age at the time of some of his previous convictions but nonetheless concluded that deterrence and public protection necessitated a within-guidelines sentence of 120 months in prison. In light of the substantial latitude afforded to district courts in weighing the § 3553(a) factors, *Stong*, 773 F.3d at 927, Tucker's sentence is not substantively unreasonable. We therefore affirm.

———————————————