# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1197
_____

United States of America

*Plaintiff - Appellee*

v.

Shedrick Xavier Pujoe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 15, 2015
Filed: September 21, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Shedrick Pujoe appeals from the judgment of the District Court[1] entered upon a jury verdict finding him guilty of possessing with intent to distribute 50 grams or

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

more of actual methamphetamine. In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel challenges (1) the denial of Pujoe's motion to suppress evidence seized from his hotel room; (2) the sufficiency of the evidence to support the conviction; and (3) the reasonableness of Pujoe's 180-month prison sentence.

After careful review, we conclude that the denial of the motion to suppress was proper. In particular, we agree with the District Court's finding, made after hearing testimony at a suppression hearing, that the search-warrant affidavit—which included information that police had received a tip about narcotics being sold from a particular hotel room and that a drug dog had alerted outside the hotel room in question to the presence of drugs inside the room—provided a substantial basis for finding probable cause to search the hotel room. <u>See</u> <u>United States v. Keele</u>, 589 F.3d 940, 944 (8th Cir. 2009). As to the sufficiency of the evidence, at trial there was police testimony that over 70 grams of pure methamphetamine had been found in the hotel room where Pujoe was staying, and there was also witness testimony that Pujoe had been selling methamphetamine. This evidence amply supports the verdict. <u>See</u> <u>United States v. Vore</u>, 743 F.3d 1175, 1180–81 (8th Cir. 2014). Further, there is no basis to conclude that the 180-month prison term, representing a 30-month variance below the uncontested U.S. Sentencing Guidelines range, is substantively unreasonable. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). Finally, we have conducted an independent review under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues.

We affirm the judgment of the District Court, and we grant counsel's motion to withdraw.

_____