# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1626

_____

United States of America

*Plaintiff - Appellee*

v.

Clinton James Sotomayor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2018
Filed: February 9, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Clinton James Sotomayor appeals his 176-month sentence, claiming the district court[1] abused its discretion in denying his requests for a downward departure or variance and imposing a substantively unreasonable sentence. We affirm.

In November 2016, Sotomayor pled guilty to conspiracy to distribute and manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B). With an offense level of 31 and a criminal history category of VI—due to his status as a career offender—Sotomayor's recommended Guidelines range was 188 to 235 months. USSG Ch. 5, Pt. A. At sentencing, the district court granted the government's request for a downward departure, reducing the Guidelines range to 141 to 176 months, but denied Sotomayor's requests for an additional downward departure or variance. The district court sentenced Sotomayor to 176 months imprisonment.

We turn first to Sotomayor's claims that the district court abused its discretion in declining to grant his requests for a downward departure pursuant to either USSG § 5K2.0 or § 4A1.3(b). "[W]e generally will not review a district court's decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (internal quotation marks omitted); see also United States v. Simms, 695 F.3d 863, 866 (8th Cir. 2012). Because neither exception applies here—Sotomayor does not allege an unconstitutional motive, and the district court explicitly acknowledged its authority to depart downward—we decline to review these claims.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In regards to Sotomayor's challenge to the substantive reasonableness of his sentence, we find the district court did not abuse its discretion in imposing a sentence within the Guidelines range. See Stong, 773 F.3d at 926 ("A sentence within the advisory guidelines range is presumed to be substantively reasonable."). Sotomayor first claims that the district court should have varied downward because the Guidelines pertaining to methamphetamine offenses lack empirical support and are unreasonable. Although the district court could have varied from the Guidelines based on a policy disagreement, it was not required to do so. See United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) ("[D]istrict courts are entitled to reject and vary categorically from [particular] Guidelines based on a policy disagreement . . . [but] that does not mean that a district court *must* disagree with any sentencing guideline" (internal quotation marks omitted) (second alteration in original)). And Sotomayor's argument that the district court should have disagreed is not properly before us on appeal. See id. ("[O]ur proper role on appeal is only to determine whether the court abused its discretion by imposing a substantively unreasonable sentence on a particular offender.").

Sotomayor next claims his sentence was substantively unreasonable because the district court placed too much weight on his criminal history while ignoring his history of childhood trauma and addiction. In fact, the district court considered Sotomayor's arguments regarding his upbringing and history of substance abuse, but determined they were outweighed by his extensive criminal history, his history of recidivism, and his repeated rejection of treatment opportunities. "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. White, 816 F.3d 976, 988 (8th Cir. 2016) (internal quotation marks omitted). Because the district court carefully considered the § 3553(a) factors and made "an individualized assessment based on the facts presented," we find the sentence imposed to be reasonable. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (internal quotation marks omitted).

We therefore affirm Sotomayor's sentence.

_____