United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3545

_____

United States of America

*Plaintiff - Appellee*

v.

Chandrique Day

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 9, 2022
Filed: June 27, 2022
[Unpublished]

_____

Before STRAS, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Chandrique Day pleaded guilty to one count of being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). The district court[1] sentenced Mr.

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Day to 120 months' incarceration. He appeals, arguing his sentence was substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Harrell, 982 F.3d 1137, 1141 (8th Cir. 2020). "A district court abuses its discretion when it 'fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" Id. (quoting United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014)).

Mr. Day argues that the district court considered an improper factor because it stated that Mr. Day was raised by his aunt and received support from her. Mr. Day argues that this was inaccurate because he spent significant portions of his teenage years in residential facilities. Mr. Day also argues that the court failed to consider an important factor because it did not consider the effect that his incarceration would have on his children.

Mr. Day's sentence was not substantively unreasonable. The district court considered several aggravating factors in this case, particularly Mr. Day's possession of a large number of firearms, including at least two firearms with high-capacity magazines and one with an obliterated serial number, his possession of the firearms in connection with another felony, and the fact that he was on probation at the time he possessed the firearms. The district court also considered the mitigating factors, particularly Mr. Day's personal history and his lack of parental guidance. The court's comments regarding Mr. Day's aunt appropriately recognized that she played a role in supporting him as a child, while acknowledging that Mr. Day lacked a father figure. Ultimately, "[t]he fact the district court did not give [Mr. Day's] difficult upbringing as much weight as [Mr. Day] would have preferred does not justify reversal." United States v. Fitzpatrick, 943 F.3d 838, 841 (8th Cir. 2019) (quoting United States v. Holdsworth, 830 F.3d 779, 786 (8th Cir. 2016)).

The district court also appropriately considered the sentence's effect on Mr. Day's children. At sentencing, Mr. Day spoke extensively about his children and how his incarceration has impacted them. He described how his daughter was upset because Mr. Day could not come home and how he felt when he could not attend to his son's medical emergency. The district court noted that when he is released from prison, Mr. Day will have a responsibility to provide for his family and his children. The district court considered Mr. Day's children and found that his family background was mitigating. The court sufficiently considered this factor in imposing the sentence.

Mr. Day's sentence was not substantively unreasonable. Accordingly, we affirm the judgment of the district court.

_____