# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3807

_____

United States of America

*Plaintiff - Appellee*

v.

William Robison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 9, 2014
Filed: July 21, 2014

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

On April 18, 2012, Cedar Rapids police officers responded to a report that a shot had been fired at the residence of Laura Fluke, the mother of eighteen-year-old William Robison. The officers interviewed individuals present at Fluke's residence, including Jenna Moser, and learned that Fluke had been assaulted by her boyfriend, Shane Manley, on the front porch. Moser told the officers that Manley approached Fluke on the porch, picked her up by her neck, hit her, and threw her to the ground.

Robison, who was in a second-floor bedroom when the fight began, retrieved a 9-mm handgun and walked down the stairs into the living room where the fight between Manley and Fluke continued. He then fired a shot into the living room wall above a couch where two people were lying. The bullet traveled through both the living room wall and the house's exterior siding. After firing the shot, Robison returned to the upstairs bedroom, where he told a friend that the shot nearly struck Manley. Fluke did not sustain visible injuries during the assault. Officers searched the residence and in the second-floor bedroom recovered the 9-mm handgun, which had an obliterated serial number; a 12-gauge shotgun with a sawed-off barrel; and corresponding ammunition.

Robison pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At his sentencing hearing, the district court[1] applied a four-level sentencing enhancement under USSG § 2K2.1(b)(6) based on its finding that Robison possessed the 9-mm handgun in connection with another felony. An additional twelve levels were imposed because the shotgun's barrel was sawed off, USSG § 2K2.1(a)(4)(B); the shotgun was determined to be a destructive device, USSG § 2K2.1(b)(3)(B); and the handgun's serial number was obliterated, USSG § 2K2.1(b)(4)(B). Given Robison's criminal history category of III and total offense level of 27, the district court determined an advisory guidelines range of 87 to 108 months. The court also noted Robison's "history of marijuana-related juvenile delinquency, criminal trespass, theft-related conduct, failing to appear, [and] noncomplian[ce] while subject to correctional supervision" as well as his consumption of methamphetamine and other drugs. The court then imposed a top-of-the-guidelines sentence of 108 months' imprisonment. Robison appeals both the application of the four-level enhancement for possessing a firearm in connection with

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

another felony as well as the substantive reasonableness of his sentence. For the following reasons, we affirm.

We review the district court's finding that Robison possessed a firearm in connection with another felony for clear error. *United States v. Mosley*, 672 F.3d 586, 589 (8th Cir. 2012). Robison's challenge is limited only to whether another felony was committed and not whether the firearm possession was "in connection with" another felony. The Government bears the burden to prove that another felony was committed by a preponderance of the evidence. *United States v. Thomas*, 565 F.3d 438, 441 (8th Cir. 2009). When an affirmative defense to the other felony is arguably supported by the facts, the Government also must negate that defense by a preponderance of the evidence. *United States v. Raglin*, 500 F.3d 675, 677 (8th Cir. 2007). The Government alleged that Robison committed two other felony offenses while in possession of the 9-mm handgun: intimidation with a dangerous weapon, in violation of Iowa Code § 708.6, and reckless use of a firearm, in violation of Iowa Code § 724.30. Robison concedes that the elements of these offenses are established in this case and instead relies solely on the affirmative defense of justification.

Iowa law provides that "[a] person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." Iowa Code § 704.3. "Reasonable force" is defined as "that force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss." Iowa Code § 704.1. The Government can negate a justification defense by showing that "an alternate course of action [was] available" to the defendant or that "the force used was unreasonable." *State v. O'Shea*, 634 N.W.2d 150, 157 (Iowa Ct. App. 2001). Robison argues that the district court clearly erred in finding that the Government established by a preponderance of the evidence that an alternate course was available to him and that his use of force was unreasonable. He contends that because the record does not affirmatively demonstrate that a physical threat did not exist at the

time he fired the shot in the living room, the Government failed to meet its burden to negate the justification defense. But even assuming that Manley posed some ongoing physical threat to Fluke when Robison fired the shot, the police report received into evidence at sentencing establishes both that Manley's assault did not involve the use of a firearm or any other type of dangerous weapon and that Fluke did not sustain visible injuries from the assault. Accordingly, several other alternate courses of action—less drastic than wielding and firing a 9-mm handgun—were available to Robison, including physically separating Manley and Fluke, enlisting the assistance of other people present in the living room, or calling the police. As the district court critically noted at sentencing, "there was no evidence of imminent, serious injury or death that would justify" firing a handgun. *See Weatherspoon v. State*, 697 N.W.2d 126, 2005 WL 723882, at *2 (Iowa Ct. App. 2005) (unpublished) (holding that defendant's use of a knife against an unarmed man was an unreasonable use of force); *State v. Ditmarson*, 690 N.W.2d 700, 2004 WL 2002432, at *2 (Iowa Ct. App. 2004) (unpublished) (holding that defendant's use of a baseball bat against two unarmed victims was an unreasonable use of force). Therefore, the district court did not clearly err in determining that Robison used more force than a reasonable person, in like circumstances, would have judged to be necessary given available alternatives and the fact that Manley was unarmed and Fluke had not sustained visible injuries. Because Robison was not entitled to a justification defense, his enhancement challenge fails.

Next, we review the substantive reasonableness of Robison's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence, such as Robison's, imposed within the advisory guidelines range is presumed to be substantively reasonable. *United States v. Godsey*, 690 F.3d 906, 912 (8th Cir. 2012). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United*

*States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)). Robison does not contend that the district court failed to consider a relevant and significant factor or that it considered an irrelevant or improper factor. Instead, he argues that the 108-month term of imprisonment imposed upon him is unreasonable in light of his age, family circumstances, and the cumulative effect of sentencing enhancements on his advisory guidelines range. The district court, however, considered Robison's arguments at sentencing and determined that they were outweighed by the gravity of Robison's conduct—specifically noting that Robison's firing the handgun "endangered the lives of the people that were present in the room" and "his possession of a weapon with no legitimate purpose—the sawed-off shotgun—suggests, again, a dangerousness." In addition, the district court emphasized Robison's criminal history and his use of marijuana, methamphetamine, and other drugs. We cannot say that the district court committed a clear error of judgment in weighing these factors, and therefore the district court did not abuse its discretion.

For the foregoing reasons, we affirm.

_____