# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1318
_____

United States of America

*Plaintiff - Appellee*

v.

Troy Devon Travis, also known as Tilly

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 11, 2014
Filed: November 19, 2014
[Unpublished]
_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Troy Travis pleaded guilty to possession of a firearm as a felon. The district court[1] sentenced Travis to 87 months' imprisonment. Travis appeals, challenging the substantive reasonableness of his sentence. We affirm.

During a party in March 2012, Travis and two other men took turns carrying a semi-automatic rifle with a partially obliterated serial number. The rifle had a large-capacity magazine capable of holding thirty rounds of ammunition. Sometime after Travis handled the rifle, one of the other men took it, left the party, and repeatedly fired the rifle into the air. Officers found the rifle and twenty shell casings nearby. Travis fled the party before officers arrived, but the police eventually apprehended him. Because Travis had been convicted of a drug felony in 2006, a grand jury indicted him for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). Travis pleaded guilty and received a sentence of 87 months' imprisonment, the top of his advisory sentencing guidelines range. He now appeals the substantive reasonableness of his sentence.

"[W]e review the substantive reasonableness of [Travis's] sentence 'under a deferential abuse-of-discretion standard.'" *See United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* at 950-51 (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). A sentence imposed within the advisory guidelines range, such as Travis's, is presumed to be substantively reasonable. *See id.* at 950.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Travis first argues that the district court abused its discretion by failing to consider a factor relevant to sentencing. Specifically, Travis alleges that the court did not consider a potential mitigating factor—the lack of evidence establishing that he knew about or was responsible for the alteration of the rifle's serial number. His counsel argued both in Travis's sentencing memorandum and at his sentencing hearing that no evidence showed Travis knew of or performed the alteration. Additionally, his counsel informed the court that the rifle had a second, unaltered serial number. Because the district court was aware of these arguments and did not refuse to consider them, Travis's assertion that the court failed to consider the arguments fails. *See United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007) (rejecting the defendant's contention that the district court failed to consider the relevant § 3553(a) factors when "the sentencing record demonstrate[d] that the district court heard extensive arguments" about those factors).

Travis next argues the district court abused its discretion by giving significant weight to several improper factors. First, he alleges the court relied on an improper assumption about his criminal history because the court stated that his four trespass convictions "must have had something to do with drug trafficking." We disagree. Following this statement, Travis's attorney informed the court that three of the four trespass convictions arose from Travis's unauthorized entries into a housing project to see the mother of one of his children. The district court then referred to the presentence investigation report ("PSR"), which indicated that the fourth trespass arrest did result in a drug conviction, and stated that the "bottom line" with respect to the trespass convictions was that Travis repeatedly returned to a place where he was not wanted. Because the district court revised its initial statement in light of this discussion before imposing Travis's sentence, Travis cannot show that the court relied on an improper assumption about the trespass convictions. Second, Travis contends that the court based his sentence on the disputed allegations in the PSR that Travis purchased the rifle and brought it to the March 2012 party. Once again, we disagree. Our review of the record reveals that the court did not rely on the disputed portions

as aggravating factors when imposing Travis's sentence.  Contrary to Travis's argument, the court's statement that the shooter "got the rifle from [Travis]" does not show reliance on the PSR's contentions that Travis purchased the rifle or brought it to the party.  Rather, this statement is fully consistent with the court's findings that Travis was "holding," "carrying," "showing . . . off," and "showing . . . around" the rifle that the shooter later fired.  The record establishes that the court's decision to impose the 87-month sentence rested on consideration of valid § 3553(a) factors, including Travis's noncompliance with correctional supervision, his provision of false information to law enforcement, his history of gambling, and his record of violent conduct.

Finally, Travis contends that the district court committed a clear error of judgment by attributing too much weight to his criminal history because most of his prior offenses were misdemeanors resulting in minor sentences.  However, Travis's criminal record—which includes convictions for battery, harassment, aggravated assault, and assault while displaying a dangerous weapon—supports the district court's finding that he had a history of violent and assaultive conduct.  Moreover, a "district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).  "[G]iving 'due deference to the district court's decision that the § 3553(a) factors, on the whole,' justify [Travis's] sentence," our review reveals no clear error of judgment with respect to the weight given Travis's criminal history.  *See id.* (quoting *Gall*, 552 U.S. at 51).

Finding no abuse of discretion, we affirm.

_____