# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1565
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Maurice Blaylock, also known as Stephan Blaylock, also known as Bobbie Blaylock

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado
_____

Submitted: November 11, 2014
Filed: November 20, 2014
[Unpublished]
_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Aaron Blaylock pled guilty to one count of aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of aiding and abetting the brandishing of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The Guidelines range called for a sentence

from 272 to 319 months imprisonment. The district court[1] sentenced Blaylock to 188 months imprisonment on the armed bank robbery count and 84 months imprisonment on the brandishing of a firearm count, with the sentences running consecutively. The effective 272 month sentence falls at the bottom of the Guidelines range. Blaylock argued for a downward variance at sentencing and appeals his within-Guidelines-range sentence on the grounds that it is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, and after careful review, this court affirms.

Blaylock contends his sentence is substantively unreasonable because the district court did not properly weigh mitigating factors pursuant to 18 U.S.C. § 3553(a), including Blaylock's family history, lack of meaningful adult guidance as a child, and HIV-positive status. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard and presume that a sentence within the Guidelines range is reasonable. United States v. Robinson, 759 F.3d 947, 950 (8th Cir. 2014). A sentence is substantively unreasonable when a district court fails to consider a relevant factor under 18 U.S.C. § 3553(a), gives significant weight to an improper factor, or commits an error in weighing the section 3553(a) factors. United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008).

Upon careful review, we conclude that Blaylock's sentence was not substantively unreasonable. The district court weighed Blaylock's mitigating factors, giving consideration to his upbringing and family history. Finding Blaylock's criminal history and the current offense carried greater weight than the mitigating factors, the district court declined to grant a downward variance in Blaylock's sentence. The district court did not abuse its discretion by failing to grant a downward variance on the basis of Blaylock's lack of guidance as a child. See United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (upholding a sentence as not

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

-2-

substantively unreasonable when judge declined to issue downward variance because of defendant's lack of guidance as a youth).  Further, the district court did not abuse its discretion in declining to issue a downward variance based on Blaylock's HIV-positive status.  See United States v. Charles, 531 F.3d 637, 641 (8th Cir. 2008) (finding no error in district court's decision not to grant a downward variance on the basis of the defendant's physical impairments).  Nothing in the record indicates Blaylock's HIV-positive status rises to the level of physical impairment that would require a downward variance.

Blaylock's sentence is not substantively unreasonable.  The judgment is affirmed.

_____