United States Court of Appeals

For the Eighth Circuit

_____

No. 14-2218

_____

United States of America

*Plaintiff - Appellee*

v.

Melanie Lynn Bonine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 9, 2015
Filed: February 19, 2015
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Melanie Bonine pleaded guilty to filing a materially false tax return, a violation of 26 U.S.C. § 7206(1). After calculating an advisory sentencing guidelines range of

18 to 24 months' imprisonment, the district court[1] varied upward and sentenced Bonine to 36 months in prison. The court concluded that this increased sentence was warranted because the unreported income that led to Bonine's false-tax-return conviction was obtained through a fraud scheme in which Bonine participated. Bonine appeals this sentence. We affirm.

From 2001 to 2011, Bonine worked for Bixby Energy Systems ("Bixby"), earning about $105,000 per year. An investigation revealed that Bonine had failed to report a total of $950,188.29 in income during 2006, 2009, and 2010, resulting in $306,359 in outstanding federal taxes. All the unreported income was earned from activities related to the sale of Bixby securities. In August 2013, Bonine pleaded guilty to filing a materially false tax return. As part of the plea agreement, the Government agreed not to charge Bonine with any other crimes known to it at the time—including any charges related to "the fraud scheme involving Bixby Energy Systems." The parties stipulated to a guidelines range of 18 to 24 months' imprisonment, and the agreement reserved the right of both parties to present "any and all relevant evidence to the Court at sentencing." At the time that Bonine and the Government reached this plea agreement, the Government was pursuing criminal charges against Robert Walker, Bonine's father, for his role in the Bixby fraud scheme. The same district court judge presided over both Walker's criminal trial and Bonine's subsequent sentencing hearing. Walker ultimately was convicted of several charges related to his role in the Bixby fraud scheme.

Before her sentencing hearing, Bonine requested a downward variance from the advisory sentencing guidelines range due to her various medical conditions, strong familial ties, clean criminal record, and admission of wrongdoing. In response, the

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

Government requested an upward variance to 36 months, arguing that the evidence from Walker's trial showed that Bonine was involved in the Bixby fraud scheme.

At the sentencing hearing, the district court adopted the parties' suggested guidelines calculations. Bonine's counsel addressed the evidence from Walker's trial explaining that "I would have been in a better position if I could have defended [Ms. Bonine]" but "[the evidence is] something that is there, it cannot be ignored." Bonine's attorney also acknowledged that Bonine's tax evasion was intertwined with the Bixby fraud scheme. After hearing from both sides, the district court imposed a sentence of 36 months. The court found that "Bonine was part of this greater fraud scheme for nearly 10 years, [e]nsuring that investors were lulled and repeatedly misled . . . . In that context she sold [securities] she had obtained as part of the scheme and this charge arises [out] of her failure to pay taxes on that income."

On appeal, Bonine raises several challenges to the substantive reasonableness of her sentence. "[W]e review the substantive reasonableness of [Bonine's] sentence 'under a deferential abuse-of-discretion standard.'" *United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* at 950-51 (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). This "narrow and deferential" review means that only an "unusual case" will warrant a finding of substantive unreasonableness. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).

Bonine first argues that the district court improperly relied on evidence from Walker's trial in determining her sentence. We disagree. The plea agreement

permitted both parties to present any relevant evidence at the sentencing hearing. More importantly, it is a longstanding principle that "sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing [a] sentence." *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229, 1235 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)). Congress codified this principle in 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct." *See Pepper*, 562 U.S. at 1235. Accordingly, our case law permits a sentencing judge to rely upon facts gleaned from a co-defendant or co-conspirator's trial over which the judge presided when determining an appropriate sentence. *See United States v. Fetlow*, 21 F.3d 243, 250 (8th Cir. 1994) (A sentencing judge "may consider, without rehearing, evidence introduced at the trial of a co-defendant if that evidence is relevant" to a disputed issue). In *Smith v. United States*, we explained that reliable evidence from a co-defendant's trial that was presided over by the sentencing judge could be considered by the judge when ruling on a potential weapon enhancement—provided that the defendant was given notice of the proposed enhancement "and an opportunity to rebut or explain the evidence to be used against him." 206 F.3d 812, 813 (8th Cir. 2000) (per curiam).

Here, Bonine received sufficient notice and an opportunity to be heard. More than a month before the sentencing hearing, the Government submitted a sentencing memorandum seeking an upward variance based on facts gleaned from the Walker trial. Rather than attempting to rebut these factual assertions, Bonine noted that she was at an "extreme disadvantage" because she was not a party to the Walker trial. Later at the sentencing hearing, Bonine's attorney chose not to address any evidence from the Walker trial, stating instead that the evidence "cannot be ignored." And while Bonine was not charged as a co-conspirator or co-defendant of Walker, we think this is a distinction without a difference in this case given that Bonine received sufficient notice and an opportunity to be heard. The district court presided over Walker's trial and had authority to rely on the evidence from that trial to conclude that

Bonine's tax evasion was interwoven with her participation in the Bixby fraud scheme. *See* 18 U.S.C. § 3661. Therefore, the district court did not abuse its discretion by considering evidence adduced at Walker's criminal trial.

In a similar vein, Bonine argues that the district court committed a clear error of judgment by "relying heavily" on the testimony that Walker gave during his criminal trial. *See Robison*, 759 F.3d at 950-51. "[A] district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Here, the district court conducted a thorough review of the § 3553(a) sentencing factors, including Bonine's educational history, employment history, medical conditions, family situation, and Bonine's underlying conduct. After this review, the court found that Bonine's tax-evasion charge arose from her failure to report income gained from the Bixby fraud scheme. Accordingly, giving due deference to the district court's decision that the § 3553(a) factors, on the whole, justify Bonine's sentence, we find no clear error of judgment. *See Gall*, 552 U.S. at 51.

We affirm.

_____