United States Court of Appeals
For the Eighth Circuit
_____

No. 14-3128
_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Joseph Kilburg

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque
_____

Submitted: May 15, 2015
Filed: July 2, 2015
[Unpublished]
_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Terrance Joseph Kilburg pleaded guilty to one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of unregistered National Firearms Act

weapons, in violation of 26 U.S.C. §§ 5861(d), 5841, and 5871. The district court[1] sentenced him to 235 months' imprisonment. Kilburg appeals, arguing that his sentence is procedurally and substantively unreasonable. We affirm.

Kilburg served in the United States Army from September 1983 to September 1990, when he was honorably discharged. Throughout the 1990s, Kilburg repeatedly ran afoul of the law. In 1993, he was convicted of a felony and thereafter was prohibited from possessing firearms. Less than three years later, he was convicted of being a felon in possession of a firearm, in violation of Iowa law. In 1998, Kilburg was convicted of going armed with intent, another Iowa felony, after he struck a person with his vehicle while attempting to flee from a security guard. After serving a year and a half in prison for the 1998 conviction, Kilburg was paroled and thereafter had no further convictions until 2011, when he was convicted of trespass for being in a cornfield without the owner's permission. In 2013, at the time of the instant offense conduct, Kilburg served as a volunteer firefighter and worked for an agricultural services business.

In December 2013, conservation officers with the Iowa Department of Natural Resources received information regarding the sale of a deer rack. The purchaser told officials that Kilburg had sold him the rack and previously had sold him "shed antlers." Law enforcement officers secured and executed a search warrant at Kilburg's home in Bellevue, Iowa. The search revealed ammunition and fifteen firearms, including two short-barreled shotguns that Kilburg had not registered on the National Firearms Registration and Transfer Record. Officers also found numerous deer antlers and evidence of other poached wild game, including a bobcat in a freezer.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Kilburg had allowed a friend to manufacture methamphetamine on his property in exchange for personal-use methamphetamine, and Kilburg admitted to officers that he had used methamphetamine shortly before their arrival. In Kilburg's barn, officers found recently harvested marijuana and equipment and chemicals used in the manufacture of methamphetamine. They also found filters and batteries in a burn pile on the property. In Kilburg's vehicle, officers found drug paraphernalia, a small bag of marijuana, a small container of methamphetamine, game calls, spotlights, knives, hatchets, and machetes.

Kilburg was indicted on the two counts set forth above. He was arrested on February 21, 2014, and was released on a personal recognizance bond with pretrial supervision. Kilburg pleaded guilty to both counts pursuant to a plea agreement. His presentence investigation report (PSR) recommended a three-level reduction for acceptance of responsibility. The PSR determined that Kilburg's total offense level was 29, that his criminal history category was III, and that his advisory sentencing range under the U.S. Sentencing Guidelines Manual (U.S.S.G. or Guidelines) was 108 to 135 months' imprisonment. Kilburg moved for a downward departure under U.S.S.G. § 5K2.1 and for a downward variance in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). His sentencing hearing was scheduled for July 28, 2014.

Kilburg failed to appear for sentencing. On August 1, 2014, he was arrested in Barry County, Michigan, by a state trooper who had seen him in the brush alongside a road. Kilburg told the trooper that although there were charges pending against him in Iowa, "he wanted to see more of the world" before being sentenced. When apprehended, Kilburg was carrying fifteen knives, two boxes of .32 caliber ammunition, and approximately $4,000 cash. Kilburg told the state trooper that he had thrown a firearm into a lake, but a .32 caliber handgun later was found near the location of Kilburg's arrest. The handgun was loaded with ammunition that matched the ammunition that had been recovered from Kilburg.

-3-

Kilburg was transported to the Northern District of Iowa for sentencing. The PSR was revised to include information regarding Kilburg's failure to appear and subsequent arrest. The PSR recommended that a two-level enhancement for obstruction of justice be assessed and that the three-level reduction for acceptance of responsibility be denied. With a revised total offense level of 34, Kilburg's advisory sentencing range was 188 to 235 months' imprisonment. Kilburg did not object to the revised calculations.

Acknowledging at sentencing that failing to appear for sentencing showed disrespect for the district court, defense counsel nonetheless argued that a sentence within the Guidelines range would be too harsh. He compared the 80- to 100-month increase in the sentencing range to the much lower sentencing range Kilburg would face if actually convicted of the offense of failure to appear. As further grounds in support of a downward variance, counsel pointed to Kilburg's seven years of military service, his volunteer firefighter position, and the fact that there was a "10-year break in criminal history."

The district court adopted the Guidelines calculations set forth in the PSR. It found that "[t]he aggravating factors in this case far outweigh any mitigating factors." It acknowledged Kilburg's military service, his volunteer firefighting, and the letters in support of his character. In considering the nature of the offense, the court found significant that Kilburg had possessed short-barreled shotguns, that he had violated the game laws of Iowa, and that he had allowed a friend to manufacture methamphetamine on his property. The court also found Kilburg's violations of pretrial release to be troubling. Not only had Kilburg failed to appear, he also had missed urinalysis tests, was out of contact with his probation officer, and was in possession of ammunition when he was apprehended. The district court then addressed Kilburg's criminal history, including older convictions that did not count toward his criminal history category. The district court found that Kilburg was a recidivist, noting that although he knew that he was prohibited from possessing

firearms, Kilburg continued to arm himself. The district court then imposed a 235-month sentence, consisting of a 120-month sentence on the felon in possession count and a consecutive 115-month sentence on the failure to register count.

We review the reasonableness of a defendant's sentence under "a deferential abuse-of-discretion standard," ensuring that the district court committed no significant procedural error and that the sentence is substantively reasonable. Gall v. United States, 552 U.S. 38, 41, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Kilburg argues that the district court erroneously characterized his 1998 conviction for going armed with intent as being related to firearms. He contends that the court committed procedural error by basing his sentence, in part, on that clearly erroneous fact. Because Kilburg did not object at sentencing, we review his challenge to the sentencing procedure for plain error. See United States v. San-Miguel, 634 F.3d 471, 474-75 (8th Cir. 2011). For reversal, Kilburg must show that the district court committed an error that is plain, that the error affected his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993).

Kilburg cites the following passage from the sentencing transcript as evidence that the district court committed plain error.

> Another aggravating factor, he's a recidivist. He absolutely knows he is not to possess firearms, and, yet, if you look at his criminal history, not only does he have a prior prosecution for felon in possession of a firearm from 1996, but going armed with intent in 1998. So he's a recidivist. He's not going to comply with the law when it has to do with firearms, and the Court notes that as an aggravating factor. I believe he is at high risk to recidivate.

This passage, however, does not establish that the district court believed Kilburg's going armed with intent conviction involved a firearm. The above-quoted language listed past convictions that—when viewed along with his instant offenses and post-plea conduct—placed Kilburg at risk for committing similar violations in the future. The 1996 conviction for being a felon in possession supports the district court's conclusion that Kilburg has not complied and will not "comply with the law when it has to do with firearms." The district court's mention of the conviction for going armed with intent could mean that the district court mistakenly thought that the conviction involved a firearm or it could mean that the district court believed Kilburg would recidivate because he again had armed himself (firearm or not) and committed a crime. For an error to be plain, it must be clear or obvious. Olano, 507 U.S. at 734. Here it is not clear or obvious that the district court mistakenly believed that the conviction for going armed with intent involved a firearm, and thus Kilburg has not established the existence of plain error.

Kilburg next argues that his sentence is substantively unreasonable. We consider the totality of the circumstances when reviewing the substantive reasonableness of a sentence, and we will not reverse absent a showing that the district court abused its discretion. Gall, 552 U.S. at 51. "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Strong, 773 F.3d 920, 926 (8th Cir. 2014) (quoting United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014)). On appeal, we may apply a presumption of reasonableness to a sentence within the advisory Guidelines range. Id.

Kilburg argues that the district court abused its discretion when it imposed consecutive sentences. He contends that his "offense was notably devoid of offense-specific aggravating factors that are present in many such cases." However he chooses to characterize his offense conduct, Kilburg nevertheless possessed

ammunition and fifteen firearms, including two short-barreled shotguns. There was evidence of hunting and illegal poaching, showing that he not only had possessed firearms but also had used them. The firearms were located near an area used to manufacture methamphetamine, and Kilburg did not dispute the four-level increase for possessing firearms in connection with the production of methamphetamine. Kilburg admitted that he had used methamphetamine. In light of these circumstances, we cannot agree that Kilburg's offense conduct was so benign that it rendered the imposition of consecutive sentences substantively unreasonable. We likewise reject Kilburg's argument that the imposition of consecutive sentences was inappropriate because the two convictions arose from a single instance of possessing firearms. See U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.").

Kilburg reiterates the argument he made to the district court that his failure to appear unfairly increased his sentence. He contends that the five-level increase he received for failing to appear caused him to be sentenced to an additional 100 months' imprisonment, whereas a sentence following a conviction for failure to appear would have been far shorter. In United States v. Boneshirt, 662 F.3d 509 (8th Cir. 2011), we addressed a similar argument. In Boneshirt, the defendant's total offense level increased after he attempted an escape. The resultant increase in his sentencing range was substantially higher than the sentencing range he would have faced if he had been convicted separately of the crime of escape. We held that the sentence was nonetheless substantively reasonable. Id. at 518. We concluded that a district court may vary downward based on a policy disagreement with the Guidelines, "[b]ut that does not mean that a district court *must* disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's characteristic empirical approach." Id. (quoting United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam)). We thus reject Kilburg's argument.

Finally, Kilburg argues that the district court did not give sufficient weight to Kilburg's positive attributes. The district court, however, considered Kilburg's personal characteristics, his military service, his volunteer firefighting, and the letters in support of his character. It also considered Kilburg's argument that the lack of criminal convictions between 1998 and 2011 showed that he could conform his behavior to the law. Kilburg has not shown that the district court clearly erred in weighing the § 3553(a) sentencing factors to arrive at a 235-month sentence. See United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam) ("[The defendant] must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors.").

Viewing the totality of the circumstances—particularly the aggravating factors that the district court relied upon in sentencing Kilburg—we hold that Kilburg has not overcome the presumption of reasonableness we accord a sentence within the advisory Guidelines range. The sentence is affirmed.

_____