# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 14-3293

———————————————

United States of America

*Plaintiff - Appellee*

v.

Markielle Avion Anderson

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

————————

Submitted: June 12, 2015
Filed: July 28, 2015
[Unpublished]

————————

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

————————

PER CURIAM.

Markielle Avion Anderson pleaded guilty to possessing heroin with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm as a felon,

*see* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced Anderson to 60 months' imprisonment. Anderson appeals his sentence, and we affirm.

After arranging to sell heroin to a confidential informant, Anderson was arrested. Law enforcement recovered six grams of heroin, a scale, and a gun from inside Anderson's car. Anderson pleaded guilty and initially cooperated with authorities before ultimately choosing not to cooperate.

At sentencing, the district court granted Anderson a downward departure from a criminal-history category of VI to a criminal-history category of V because the court concluded that Anderson's criminal-history score overrepresented the seriousness of his past offenses. *See* USSG § 4A1.3(b)(1). The district court's calculations resulted in an advisory sentencing guidelines range of 84 to 105 months' imprisonment. After this ruling, Anderson's counsel argued that Anderson's cooperation warranted a downward variance to 18 to 24 months' imprisonment. Anderson's counsel also referred the court to letters from Anderson's family and to Anderson's personal history, which included his role as a caretaker for his family. After conducting a detailed analysis of the 18 U.S.C. § 3553(a) factors, the district court concluded that a below-guidelines sentence of 60 months' imprisonment was appropriate.

Anderson's only argument on appeal is that the district court abused its discretion by imposing a substantively unreasonable sentence. We apply "a deferential abuse-of-discretion standard" when reviewing sentences for substantive reasonableness. *United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). When conducting this "narrow and deferential" review, only an "unusual case" will lead us to conclude that a sentence is substantively unreasonable. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir.

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

2010) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Robison*, 759 F.3d at 950-51 (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) (quoting *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011)).

Anderson argues that given his cooperation and personal background, the district court abused its discretion by failing to grant a larger downward variance. The district court conducted a thorough review of Anderson's criminal history and departed downward one criminal-history category. Next, the court analyzed the § 3553(a) factors, including Anderson's "history and characteristics" and "cooperation." Finally, the court varied downward and sentenced Anderson to 60 months' imprisonment—24 months *below* the bottom of the already reduced guidelines range. Given this thorough analysis, we cannot conclude that the district court abused its discretion by declining to reduce Anderson's sentence any further. *See Black*, 670 F.3d at 882.

We affirm.

_____