# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2099

_____

United States of America,

*Plaintiff - Appellee,*

v.

Theto Diee Hatley, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 16, 2016
Filed: July 25, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Theto Diee Hatley, Jr., pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). He committed

the offense while serving a term of supervised release. The district court[1] sentenced Hatley to 71 months' imprisonment for the firearms offense, and a concurrent term of 6 months' imprisonment for violating the terms of his supervised release. On appeal, Hatley argues that his sentence of 71 months' imprisonment is unreasonable. We affirm.

Hatley was arrested in November 2013 in his vehicle. Police officers observed what appeared to be a drug transaction taking place in Hatley's parked sport utility vehicle. When the officers approached the vehicle, a passenger identified as Hatley's cousin threw a sandwich-size bag behind the driver's seat where Hatley was seated. Police searched the vehicle and found the bag of suspected marijuana discarded by the cousin; they also located a bag of suspected marijuana in Hatley's pocket. The cousin admitted that he was selling marijuana to Hatley. The search also uncovered a pistol in the center console. Laboratory analysis found Hatley's DNA on the gun. At the time of his arrest, Hatley was serving a term of supervised release arising from a 2006 federal drug conviction.

Hatley pleaded guilty to unlawful possession of a firearm as a previously convicted felon. He also admitted that he violated a condition of his supervised release. Based on an offense level of 21 and a criminal history category of IV, the advisory guideline sentencing range was 57 to 71 months' imprisonment for the firearms conviction and 6 to 12 months' imprisonment for the violation of supervised release. Hatley's criminal history included the felony drug conviction for which he was on supervised release and a state conviction from 2010 for second-degree assault with a dangerous weapon, also committed while Hatley was on supervised release.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Hatley urged the district court to vary downward from the advisory range based on circumstances of his prior convictions that he said were mitigating and positive steps that he had taken since his last release from prison. The court noted the progress that Hatley had made since his last release, but concluded that Hatley's criminal history and knowing possession of a gun while on supervised release prevented it "from even thinking about departing." The court thus sentenced Hatley to 71 months' imprisonment on the gun charge and a concurrent, six-month term for the supervised release violation. The sentences were within the advisory guideline range, and we therefore presume that they are reasonable. *United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Hatley argues that his sentence of 71 months' imprisonment is nonetheless unreasonable, because it is greater than necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). Hatley contends that the court placed inordinate weight on the fact of his prior convictions and should have accorded greater significance to the context of those convictions and his recent attempts to better himself.

The district court, however, has substantial latitude in determining how to weigh the undifferentiated § 3553(a) factors in a given case, and we review its decision under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Hatley twice committed a new offense within seven months of being released from prison, and twice violated his terms of supervised release. The court was not required to accept Hatley's contention that mitigating circumstances substantially lessened the severity of his prior convictions for drug trafficking and assault with a dangerous weapon. There was no mitigating explanation for Hatley's possession of a firearm in the instant offense. It was not unreasonable for the district court to conclude that the sentence recommended by the Sentencing Commission for

a typical offender with Hatley's offense conduct and criminal history was appropriate here.

The judgment of the district court is affirmed.

_____